UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LITTLE PUEBLO INN, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLARD ALONZO STANBACK, P.C.,<br>and WILLARD ALONZO STANBACK,<br>ESQ.,<br><br>　　　　Defendants. | Civil Action No. 20-11233 (RK) (RLS)<br><br>**<u>MEMORANDUM ORDER</u>** |

**THIS MATTER** comes before the Court upon Plaintiff The Little Pueblo Inn, LLC's Appeal, (ECF No. 82), of the Honorable Rukhsanah L. Singh's February 14, 2024 Memorandum Opinion and Order, (ECF No. 81), denying Plaintiff's Motion for Leave to Amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), (ECF No. 74). Plaintiff filed its moving brief in support of its Appeal on February 27, 2024, (ECF No. 82), Defendants Willard Alonzo Stanback, Esq. and Willlard Alonzo Stanback, P.C. filed their opposition brief on March 20, 2024, (ECF Nos. 85–86), and Plaintiff filed its reply brief on March 27, 2024, (ECF No. 87).

A magistrate judge's resolution of a non-dispositive matter may only be set aside if the "order is clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); *see also* Fed. R. Civ. P. 72(a). A finding is "clearly erroneous when [the district judge] is left with the definite and firm conviction that a mistake has been committed." *In re Allergan Biocell Textured Breast Implant Prod. Liab. Litig.*, No. 19-2921, 2022 WL 3211421, at *3 (D.N.J. Aug. 9, 2022) (citations and internal quotations omitted). For a magistrate judge's decision to be contrary to law, the reviewing court must find that the magistrate judge misapplied or

misinterpreted the applicable law. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted).

The Court adopts in full Judge Singh's recitation of the relevant background, summary of the applicable legal standards, and legal conclusions contained in the challenged Memorandum Opinion and Order. As Judge Singh found, Plaintiff has failed to establish good cause required under Federal Rule of Civil Procedure 16(b)(4) in order to amend the Complaint two years after the Court-ordered 2021 deadline for amendments had elapsed. (ECF No. 81 at 7–8.) Plaintiff's proposed amendment would broaden its claimed damages from a discrete sum of approximately $300,000—identified in its 2020 Complaint and subsequent discovery responses—to at least $9.5 million in consequential damages. (*Id.* at 3–4; Proposed Am. Compl. ¶ 94, ECF No. 74 at *111.)[1] The Court agrees with Judge Singh that Plaintiff offers no new facts that were only available after the December 2021 deadline to amend had passed to explain why it did not seek amendment until November 2023. (ECF No. 81 at 8.) Therefore, Plaintiff has not established that it exercised adequate diligence under Rule 16.

The Court also affirms Judge Singh's findings that leave to amend should be denied under Rule 15 because amendment was unduly delayed and would be unduly prejudicial to Defendants. (*Id.* at 9–10.) As Judge Singh explained:

> Plaintiff had ample opportunity to seek to amend prior to the close of written discovery and before depositions began, but failed to do so. Plaintiff had been aware of the facts forming the basis of the new damages theory for years. Plaintiff has not pointed to anything new that would justify the significant delay in seeking leave to amend.

(*Id.* at 9.) The parties reported that they had completed document discovery on October 4, 2022 and had already taken the depositions of Defendant Stanback and Plaintiff's principal. (*Id.* at 3–

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

2

4.) Defendants have litigated this matter through discovery in reliance on Plaintiff's repeated assertion that the relief it sought was limited to approximately $300,000. (*Id.*) Judge Singh's conclusion that requiring the parties to re-open discovery, retake depositions, and broaden the scope of discovery at this late stage would unduly prejudice Defendants is well-supported by the record. (*Id.* at 9–10.)

In short, Plaintiff points to no error of law contained in Judge Singh's decision, and its arguments that Judge Singh made a mistake in finding undue delay and undue prejudice are belied by Judge Singh's sound analysis. Even if the Court were to apply a more searching standard of review to Judge Singh's conclusions than the "clearly erroneous" standard applicable here, this Court would reach the same result. The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth in Judge Singh's well-reasoned Memorandum Opinion and Order filed on February 14, 2024, and for other good cause shown,

**IT IS** on this 8th day of April, 2024,

**ORDERED** that Plaintiff's Appeal, (ECF No. 82), is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the motion pending at ECF No. 82.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**