UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LITTLE PUEBLO INN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WILLARD ALONZO STANBACK, P.C., *et al.*, <br><br> Defendants. | Civil Action No. 20-11233 (RK) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

    **PRESENTLY** before the Court is a Motion brought pursuant to Rule 37 of the Federal Rules of Civil Procedure by Defendants Willard Alonzo Stanback, P.C., and Willard Alonzo Stanback, Esq. (collectively hereinafter, "Defendants") to preclude Plaintiff The Little Pueblo Inn, LLC (hereinafter, "Plaintiff") from proffering as evidence certain discovery responses (hereinafter, the "Motion"). (Doc. No. 95). Plaintiff opposes the Motion, (Doc. No. 96), to which Defendants have replied, (Doc. No. 97). The Court has fully considered the Motion without oral argument pursuant to Rule 78 and Local Civil Rule 78.1(b). For the reasons set forth below, and good cause shown, the Court **GRANTS** Defendants' Motion.

**I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

    The parties are familiar with the background and procedural history of this matter, which have been set forth in more detail by the Court in a February 14, 2024 Memorandum Opinion and Order (Doc. No. 81) and in an April 8, 2024 Memorandum Order (Doc. No. 88). Accordingly, the Court only briefly addresses the relevant background herein.

This action arises out of a June 6, 2019 escrow agreement, appointing Defendants as escrow agents in connection with Plaintiff's efforts to secure a $6 million loan to finance the construction of a luxury hotel in Taos, New Mexico (hereinafter, the "Escrow Agreement"). (*See* Doc. No. 1). On August 24, 2020, Plaintiff initiated this action, asserting claims against Defendants for breach of the Escrow Agreement, breach of fiduciary duties, and negligence. (*See* Doc. No. 1). Plaintiff limited its damages in the Complaint to the amount in escrow, or specifically "$297,000.00, plus interest and costs." (Doc. No. 1 at p. 17).

Pursuant to the December 10, 2021 Pretrial Scheduling Order, the Court set a deadline of March 31, 2022 for the parties to complete fact discovery. (Doc. No. 38 at p. 1). However, on October 17, 2023—after the parties represented to the Court that document discovery was complete in this case, and after the Court-ordered deadline to seek leave to amend the pleadings—Plaintiff moved to amend the Complaint to include a claim for consequential damages allegedly flowing from its original claims, including "hard expenses of over $1,500,000" and "liquidation losses of over $8,000,000" (hereinafter, the "Motion to Amend"). (Doc. No. 74 at p. 8). On that same date, Plaintiff served on Defendants its Second Supplemental Answers to Defendants' Interrogatories and Second Supplement Response to Defendants' Notice to Produce. (Doc. No. 95-2 at ¶ 10; Doc. No. 95-4 at pp. 60–83). Notably, Plaintiff's Second Supplemental Answers to Defendants' Interrogatories were not verified. (Doc. No. 95-4 at p. 66 (signature line for Plaintiff's principal left blank)); *see* Fed. R. Civ. P. 33(b)(5). While the Motion to Amend remained pending before the Court, on or about November 3, 2023, Plaintiff served on Defendants its Third Supplemental Answers to Defendants' Interrogatories and Third Supplement Response to

Defendants' Notice to Produce.[1]  (Doc. No. 95-2 at ¶ 11; Doc. No. 95-4 at pp. 85–108).  Again, Plaintiff did not verify the Third Supplemental Answers to Defendants' Interrogatories.  (Doc. No. 95-4 at p. 91 (signature line for Plaintiff's principal left blank)).[2]

On February 14, 2024, the undersigned denied the Motion to Amend, finding that Plaintiff did not exercise sufficient due diligence pursuant to Rule 16 of the Federal Rules of Civil Procedure in seeking to expansively broaden its damages theory.  (*See* Doc. No. 81).  On April 8, 2024, the District Court affirmed the February 14, 2024 Memorandum Opinion and Order on Plaintiff's appeal.  (Doc. No. 88).

Defendants now move to preclude Plaintiff from proffering as evidence the 2023 Supplemental Discovery Responses.[3]  Primarily, Defendants argue that the Court should enter an order pursuant to Rule 37 of the Federal Rules of Civil Procedure barring this evidence because Plaintiff was not diligent in its supplementation for the same reasons found by the Court in denying the Motion to Amend.  (*See* Doc. No. 95-3).  The crux of Defendants' contention is that the 2023 Supplemental Discovery Responses relate to the damages theory precluded by the Court's February 14, 2024 and April 8, 2024 Orders, and that it would be unduly prejudicial to Defendants to permit such evidence as a result.  Defendants add that if the Court were not to preclude this

---

[1] Counsel for Defendants certifies that these discovery responses were dated November 3, 2023. (Doc. No. 95-2 at ¶ 11).  The discovery responses, however, are dated November 2, 2023.  (*See* Doc. No. 95-4 at pp. 92, 108).

[2] For ease of reference, the Court hereinafter refers to the Second and Third Supplemental Answers to Defendants' Interrogatories and Supplement Responses to Defendants' Notices to Produce as the "2023 Supplemental Discovery Responses."

[3] While Defendants attach to their Motion the 2023 Supplemental Discovery Responses, those responses reference certain document productions that have not been provided to the Court.  The Court understands Defendants' Motion to include the referenced supplemental productions referenced in the 2023 Supplemental Discovery Responses.

3

discovery, then they would need additional deposition testimony and other discovery relating to the 2023 Supplemental Discovery Responses.

Plaintiff opposes the Motion. (Doc. No. 96). Plaintiff argues that it appropriately supplemented its discovery responses as required by Rule 26(e) of the Federal Rules of Civil Procedure and that such supplementation was provided before the Court denied the Motion to Amend. Plaintiff thus contends it did not violate any discovery orders issued by the Court. In addition, Plaintiff proffers that Defendants would not be unduly prejudiced by permitting the 2023 Supplemental Discovery Responses to be offered as evidence when applying the factors set forth in *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000).

In reply, Defendants argue that the law of the case doctrine precludes as evidence the 2023 Supplemental Discovery Responses because the Court conclusively decided that the consequential damages theory was not a part of this case in denying the Motion to Amend and in affirming that denial on appeal. (*See* Doc. No. 97). In addition, Defendants contend that only the discovery relating to the originally claimed damages is relevant to the claims in dispute and the 2023 Supplemental Discovery Responses should be barred as being irrelevant and prejudicial.

## II.  LEGAL STANDARD

Here, Defendants rely upon Rule 37(c) of the Federal Rules of Civil Procedure and the law of the case doctrine. Rule 37(c), which sets forth consequences for a party's failure to disclose or supplement its discovery responses, provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). In addition, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions when a party "fails to obey an order to provide or permit

4

discovery," including the preclusion of the introduction of certain evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii).

The law of the case doctrine "holds that a rule of law announced in a case should later be applied to 'the same issues in subsequent stages in the litigation.'" *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022) (quoting *in re Resyn Corp.*, 945 F.2d 1279, 1281 (3d Cir. 1991)). The doctrine bestows a court with the discretion to refrain from reconsidering prior rulings. *Id.*; *see also Arizona v. California*, 460 U.S. 605, 618 (1983).

Because Defendants seek to preclude discovery served beyond the deadline to complete fact discovery, the Court also considers Rule 16, which provides that a court-ordered "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Notably, this Court has previously found:

> that when a party does not first obtain an extension of time to complete discovery, and instead obtains and/or produces discovery in disregard of a scheduling order, the party must be held to the same good cause standard of Rule 16 before including such discovery in a final pretrial order.

*Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 560 (D.N.J. 2022). Thus, a party who produced discovery without regard for a deadline set by a scheduling order must show good cause. *Id.*; *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Good cause can be shown by establishing due diligence, which can be demonstrated if the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted).

The resolution of the instant Motion lies within the Court's sound discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery

is a matter for the discretion of the district court . . . ."); *see also Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

### III.   DISCUSSION

As an initial matter, the Court is not presented here with an instance where a party failed to provide discovery or to comply with a court order to provide discovery. *See* Fed. R. Civ. P. 37(b), (c). Rather, the issue presented on this Motion is whether the Court should preclude additional fact discovery served after the time period for fact discovery had closed. Accordingly, the Court considers whether Plaintiff has shown good cause for serving and producing the 2023 Supplemental Discovery Responses outside of the Court-ordered deadline to complete fact discovery.

Fact discovery closed in March 2022 pursuant to the Court's Pretrial Scheduling Order. (Doc. No. 38). However, in October 2022, the parties reported that "[d]ocument discovery is complete" and that the parties were proceeding to depositions. (Doc. No. 52). The parties then completed those depositions, and expert discovery was held in abeyance pending a settlement conference ultimately conducted on October 17, 2023. (*See* Doc. No. 72). While it is clear that the parties engaged in additional fact discovery outside of the March 2022 deadline that had been set to complete fact discovery, Plaintiff did not produce the additional written discovery until after the parties had completed deposition discovery.

Upon addressing Plaintiff's Motion to Amend, the Court found that Plaintiff failed to show the requisite due diligence to establish good cause under Rule 16 to inject into this case a new damages theory. (Doc. No. 81 at p. 8; Doc. No. 88 at p. 2). Here, Plaintiff similarly has not shown any diligence in producing the 2023 Supplemental Discovery Responses. In its opposition to the

6

Motion, Plaintiff does not dispute that the 2023 Supplemental Discovery Responses relate to the consequential damages theory that the Court rejected in its Orders concerning the Motion to Amend. (*See generally* Doc. No. 96). Rather, Plaintiff contends that they are appropriate supplementations under Rule 26(e).

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to a discovery request to "supplement or correct . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Supplementation is intended to be utilized to correct inaccuracies or to complete a response "based upon information that was not available at the time of the" original disclosure. *Faiella*, 341 F.R.D. at 563 (citations and internal quotation marks omitted). Supplementation is not an opportunity "to produce information in a belated fashion." *Id.* (citations and internal quotation marks omitted).

The 2023 Supplemental Discovery Responses are not proper supplements under Rule 26(e). Rather, indisputably, they are offered as new discovery to support a theory that has already been held to be not a part of this case. As previously found by the Court on the Motion to Amend, Plaintiff could have injected the consequential damages theory earlier in this case and could have produced this discovery in a timely fashion, yet Plaintiff failed to do so. Plaintiff has not demonstrated that it exercised due diligence such that the Court could find good cause under Rule 16. As a result, the Court will strike the 2023 Supplemental Discovery Responses. *See Faiella*, 341 F.R.D. at 563 ("[T]he Court finds that striking [a party's] belated fact discovery amendments is appropriate given [that party's] failure to meet the good cause requirement of Rule 16.").

The Court recognizes that the courts turn to the *Pennypack* factors when addressing whether a party has failed to demonstrate good cause under Rule 16. *Id.*; *see also Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977), *overruled on other grounds as recognized by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). Under *Pennypack*, the Court will consider the following factors to determine whether an untimely disclosure is harmless:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Pennypack*, 559 F.2d at 904–05.[4] The Court may also consider the importance of the issues at stake. *Id.* at 904.

The first two factors require the Court to consider the prejudice to Defendants and their ability to cure any such prejudice. The parties point out that any prejudice could be cured by providing Defendants an opportunity to reopen fact discovery and conduct additional depositions related to the 2023 Supplemental Discovery Responses, (Doc. No. 95-3 at p. 12; Doc. No. 96 at pp. 9–10)), although Defendants argue that "[i]mposing that burden on [them] would be unduly burdensome[,]" (Doc. No. 95-3 at p. 12). Nonetheless, the first two factors do not favor the striking of the evidence.

However, the need to reopen fact discovery would disrupt further proceedings in this matter, including a trial. This case has languished, and Plaintiff's untimely injection of the new

---

[4] The *Pennypack* factors track the factors considered by the United States Court of Appeals for the Third Circuit in *Nicholas v. Pennsylvania State University*. *See* 227 F.3d at 148 (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Pennypack*, 559 F.2d at 904–05)).

damages theory has caused—and will continue to cause—significant delays without adequate justification.  The Court thus finds that the third *Pennypack* factor weighs heavily in favor of striking the 2023 Supplemental Discovery Responses.

In considering whether Plaintiff acted in bad faith or willfully failed to comply with the Court's scheduling order, the Court notes that Plaintiff appears not to have sought to even collect some of the newly-produced material until October 2023.  (*See* Doc. No. 97-1 (October 2023 correspondence from Plaintiff's accountant indicating same)).  In addition to being unjustifiably delayed in the production and service of the discovery responses, Plaintiff failed to comply with Rule 33(b)(5) in the Second and Third Supplemental Answers to Defendants' Interrogatories by leaving them unverified.  (Doc. No. 95-4 at pp. 66, 91).[5]  While Plaintiff sought leave to amend the Complaint in October 2023, it never sought leave to produce additional discovery outside the closure of fact discovery or to amend the Court's Pretrial Scheduling Order.  Plaintiff appears to have produced the 2023 Supplemental Discovery Responses in willful disregard of the fact discovery schedule in this matter.  *See Zarour v. Am. Sec. Ins. Co.*, No. 13-6384, 2015 WL 5167164, at *2 (D.N.J. Sept. 3, 2015) (granting motion to preclude plaintiff from asserting damages beyond those disclosed as of the deadline to supplement Rule 26 initial disclosures, because plaintiff's damages claim was "something of a moving target" that was indicative of willful disregard).  The fourth *Pennypack* factor therefore supports striking the new discovery.

Finally, the Court considers the importance of the 2023 Supplemental Discovery Responses in light of the issues at stake.  Plaintiff does not dispute that this discovery relates to its novel damages theory that was part of its Motion to Amend (*see* Doc. No. 96), which the Court

---

[5] Notably, the Second and Third Supplemental Answers to Defendants' Interrogatories would be "accord[ed] . . . little to no weight" because they are unverified.  *Liu v. Cheng Du 23 Inc.*, No. 17-12867, 2022 WL 4217150, at *8 (D.N.J. Sept. 13, 2022).

denied. Plaintiff also does not contend that the discovery responses relate to any other issue in the case. (*See* Doc. No. 96). As such, the 2023 Supplemental Discovery Responses are neither relevant nor proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Therefore, this factor also weighs in favor of striking the new discovery.

### IV.   CONCLUSION

For the reasons set forth above and good cause shown,

**IT IS** on this **26th** day of **December 2024** hereby

**ORDERED** that Defendants' Motion to Preclude Certain Discovery Produced by Plaintiff (Doc. No. 95) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 95.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**